**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Cuagliotti,<br><br>          Plaintiff,<br><br>v.<br><br>City of Mesa,<br><br>          Defendant. | No. CV-24-02970-PHX-SHD<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis ("IFP"). (Doc. 2).

**I.   Legal Standards**

    **A.   Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

    **B.   28 U.S.C. § 1915(e)(2)**

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies

to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

## II. In Forma Pauperis Application

Here, the Court has reviewed the application to proceed IFP. (Doc. 2). The Court finds Plaintiff cannot pay the filing fee and still afford necessities. Accordingly, the motion will be granted.

## III. Amended Complaint

Next, the Court will screen the complaint under 28 U.S.C § 1915(e)(2). On November 13, 2024, Plaintiff filed an amended complaint, which completely superseded the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Therefore, the Court will screen the amended complaint.

In short summary, Plaintiff, who "prefer[s] to save his . . . resources . . . rather than spending on rent", sues the City of Mesa for not permitting him to sleep in a public park. (Doc. 5). More specifically, Plaintiff claims that Mesa City Ordinance 6-10-4(V) (the "anti-camping" ordinance) is unconstitutional. (*Id.*). Plaintiff further challenges the enforcement of Mesa City Ordinance 6-10-2, which defines the camping activities that are prohibited. (*Id.*).

The amended complaint asserts five causes of action: 1) violation of the Fourteenth Amendment–Substantive Due Process; 2) Violation of the Fourth Amendment–Unlawful Seizure; 3) Public Health Argument–Sleep Depravation and Torture; 4) the ordinance is unnecessary and redundant; and 5) the ordinance is unconstitutionally overbroad and vague. (*Id.*). The Court will consider whether each count states a claim in turn.

With respect to count one, which asserts a Fourteenth Amendment violation, the Court concludes that Plaintiff states a claim to survive screening under 28 U.S.C. § 1915(e)(2). *See Alfred v. City of Vallejo*, No. 2:24-CV-03317-DC-SCR, 2025 WL 435900, at *8–12 (E.D. Cal. Feb. 7, 2025) (granting a preliminary injunction preventing removal of an unhoused person's shelter under the state created danger doctrine under the Fourteenth Amendment); *Prado v. City of Berkeley*, No. 23-CV-04537-EMC, 2024 WL 3697037, at *28–29 (N.D. Cal. Aug. 6, 2024) (cataloging cases recognizing a Fourteenth Amendment substantive due process claim based on various city-wide policies impacting the unhoused). To reach this conclusion, the Court has liberally construed Plaintiff's pro se amended complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (noting that self-represented litigant's pleadings are construed liberally).

With respect to count two, which asserts an unlawful seizure, Plaintiff claims his person is effectively being subjected to an unlawful seizure because he is forced to choose between going into a restrictive shelter or criminal charges. (Doc. 5 at 5). For purposes of whether Plaintiff states a claim on screening, the Court must accept Plaintiff's factual allegations as true. *Hairston*, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023). Thus, for purposes of screening, the Court will accept as true Plaintiff's factual allegations that his only options are criminal charges (which could result in a seizure of his person) or going to a shelter, which Plaintiff asserts is a "seizure."

> A seizure "can take the form of 'physical force' or a 'show of authority' that 'in some way restrain[s] the liberty' of the person." *Torres v. Madrid*, 592 U.S. 306, 311 (2021) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)). A Fourth Amendment seizure occurs "when there is a governmental termination of freedom of movement *through means intentionally applied.*" *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597 (1989). The Fourth Amendment is intended to "prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals." *United States*

*v. Martinez-Fuerte*, 428 U.S. 543, 554 (1976). Thus, a seizure occurs any time an "officer accosts an individual and restrains his freedom to walk away." *Terry*, 392 U.S. at 16. "[A] mere touch can be enough for a seizure," and "brief seizures are seizures all the same." *Torres*, 592 U.S. at 317–18.

*Sanderlin v. Dwyer*, 116 F.4th 905, 911–12 (9th Cir. 2024).

Against this broad definition of seizure and in the context of this preliminary screening, the Court finds Plaintiff states a claim. However, the Court notes that in his amended complaint, Plaintiff claims that he was "forced" to choose between a shelter and criminal prosecution but does not allege that he actually went to a shelter or that he was criminally prosecuted. (Doc. 5). Specifically, Plaintiff details an encounter with a person offering shelter services, which Plaintiff refused. (*Id*. at 3). Plaintiff then details an encounter with police (15 minutes after he refused shelter services) wherein the police advised him that he could not stay in the park with his bags. (*Id*.). But Plaintiff does not allege how this encounter ended. In other words, as a matter of factual allegations, Plaintiff does not expressly state that this particular encounter ended with Plaintiff being either criminally charged or "forced" to go to a shelter. Thus, while the Court has accepted Plaintiff's general factual allegations as true that he was "forced" into one of these options, the Court notes that Plaintiff's specific factual allegations do not support those general factual allegations. Nonetheless, the Court finds that count two sufficiently states a claim to survive screening.

With respect to count three, the Court finds Plaintiff fails to state a claim. Plaintiff claims that the City of Mesa tortures him via sleep deprivation. (Doc. 5 at 6). However, Plaintiff's specific factual allegations are that the City of Mesa offers him two binary choices, both of which result in bed space. Plaintiff does not allege an inability to sleep at either offered option. Therefore, Plaintiff's claim in this regard is directly contradicted by his only factual allegations. Thus, count three will be dismissed below because it fails to state a claim.

With respect to count four, Plaintiff alleges that the challenged anti-camping ordinance is redundant and unnecessary because the harms sought to be prevented (like

littering) are already prohibited under other Arizona state laws. (Doc. 5 at 7). Plaintiff has not cited, and the Court is not aware of, any provision of the Constitution that would be violated because the same conduct is covered by more than one criminal statute. *See Hubbard v. United States,* 514 U.S. 695, 714 n. 14 (1995) ("Congress may, and often does, enact separate criminal statutes that may, in practice, cover some of the same conduct"); *see also Sansone v. United States,* 380 U.S. 343, 352 (1965) (permitting the Government to proceed on a felony tax evasion charge even though that charge "covered precisely the same ground" as two misdemeanors found in the Tax Code). Thus, Plaintiff fails to state a claim in count four.

Count four fails for two additional reasons. First, Plaintiff has failed to allege that he has been prosecuted under multiple statutes, so this issue does not appear to be ripe. Second, *Blockburger*[1] looks at overlapping *elements*, not overlapping underlying goals of statutes, for double jeopardy purposes. Plaintiff does not allege any elements overlap. For these additional reasons, count four will be dismissed below.

With respect to count five, Plaintiff claims the ordinance is overbroad and vague and is unconstitutional for these reasons.

> A law is void for **vagueness** in violation of Due Process where "persons of common intelligence must necessarily guess at meaning and differ as to application." *Smith v. Goguen,* 415 U.S. 566, 572 n. 8, (1974) (citations omitted). Due process requires that laws provide persons subject to regulation with a "reasonable opportunity to know what [conduct] is prohibited, so that [they] may act accordingly." *Grayned v. City of Rockford,* 408 U.S. 104, 108 (1972); *Women's Medical Professional Corp. v. Voinovich,* 911 F.Supp. 1051, 1063 (S.D. Ohio 1995). Due process requires that a law must be sufficiently defined "to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *Colautti v. Franklin,* 439 U.S. 379, 390 (1979); *see also Kolender*

---

[1] …[O]nly "where the two offenses for which the defendant is punished or tried cannot survive the 'same-elements' test, [does] the double jeopardy bar appl[y]." *Id.* The "same-elements" test was enunciated by the Court in *Blockburger v. United States:* "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932).

*Smith v. Hedgpeth*, 706 F.3d 1099, 1102 (9th Cir. 2013).

*v. Lawson,* 461 U.S. 352, 357 (1983). Additionally, the law must define the prohibited conduct with sufficient definiteness that it does not encourage arbitrary or discriminatory enforcement. *See Kolender,* 461 U.S. at 357; *Colautti,* 439 U.S. at 390. Furthermore, vague standards of unlawful conduct, coupled with the prospect of arbitrary enforcement, will inevitably cause people to "steer far wider of the unlawful zone ... than if the boundaries of the forbidden areas were clearly marked." *Grayned,* 408 U.S. at 109. It is a fundamental principle of due process that persons "'of common intelligence' not be forced to guess at the meaning of the criminal law." *Smith v. Goguen,* 415 U.S. at 574.

*Forbes v. Woods*, 71 F. Supp. 2d 1015, 1018 (D. Ariz. 1999), *aff'd sub nom. Forbes v. Napolitano*, 236 F.3d 1009 (9th Cir. 2000), *amended,* 247 F.3d 903 (9th Cir. 2000), and *amended,* 260 F.3d 1159 (9th Cir. 2001) (emphasis added).

> When considering a facial challenge under the First Amendment, a law may be invalidated "as **overbroad** if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" The challenging party "need not necessarily introduce admissible evidence of overbreadth, but generally must at least 'describe the instances of arguable overbreadth of the contested law.' The overbreadth doctrine exists 'out of concern that the threat of enforcement of an overbroad law may deter or "chill" constitutionally protected speech—especially when the overbroad statute imposes criminal sanctions.' Ultimately, when assessing First Amendment facial challenges, the Court must not "apply the 'strong medicine' of overbreadth analysis where the parties fail to describe the instances of *arguable* overbreadth of the contested law."

*Briggs v. Yi*, 687 F. Supp. 3d 848, 861–62 (D. Alaska 2023) (footnotes omitted) (emphasis added).

Preliminarily, an overbreadth challenge and a void for vagueness challenge are two distinct arguments that cannot be intermingled, as Plaintiff has done, into a single theory. (Doc. 5 at 7-9). Because of this lack of clarity, it is difficult for the Court to screen this count.

Turning first to Plaintiff's argument that the law is overbroad, Plaintiff seems to facially attack the ordinance arguing it prohibits conduct beyond the ordinance's goal,[2] not conduct that chills first amendment speech. Thus, Plaintiff fails to articulate a basis to find the statute unconstitutional on the ground that it is overbroad.

With respect to vagueness, construing Plaintiff's amended complaint liberally (and

---

[2] The Court is unclear how Plaintiff has determined "goals" of the ordinance because Plaintiff cites nothing to support these assertions.

without the benefit of adversarial testing) the Court will not dismiss Plaintiff's vagueness challenge. Specifically, Plaintiff alleges that the ordinance is so vague as to permit discriminatory enforcement, which the Court finds states a claim.

Although the Court allows claims 1 and 2, and part of claim 5, to proceed past this preliminary screening, it does so without prejudice to Defendant making any motions it deems appropriate. *Coleman v. Maldnado*, 564 F. App'x 893, 894 (9th Cir. 2014) (a district court may properly grant a motion to dismiss despite a prior screening order finding the complaint stated a claim); *Jones v. Sullivan*, 19-CV-0025BKSCFH, 2020 WL 5792989, at *5 (N.D.N.Y. Sept. 29, 2020) ("A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6).").

### IV. Conclusion

Based on the foregoing,

**IT IS ORDERED GRANTING** the application for leave to proceed in forma pauperis, without prepayment of costs or fees or the necessity of giving security therefor (Doc. 2).

**IT IS FURTHER ORDERED** that Counts three, four and part of Count five are dismissed, without prejudice, as specified above.

**IT IS FINALLY ORDERED** that service by waiver or service of the summons and complaint shall be at government expense on the defendant by the U.S. Marshal or his authorized representative.[3]

The Court directs the following:

(1) The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. 5), this Order, USM-285, and both summons and request for waiver forms for the Defendant.

(2) Plaintiff must complete and return the service packet to the Clerk of Court within 30 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order. If Plaintiff does not

---

[3] *See* 28 U.S.C. § 1915(d).

1    timely return the service packet, this action may be dismissed.

2    　　　　(3)  If Plaintiff does not either obtain a waiver of service of the summons or
3    complete service of the Summons and Complaint on Defendant within 90 days of this
4    Order, the action may be dismissed.  Fed. R. Civ. P. 4(m).

5    　　　　(4)  The United States Marshal must retrain the Summons, a copy of the
6    Amended Complaint, and a copy of this Order for future use.

7    　　　　(5)  The United States Marshal must notify Defendant of the commencement
8    of this action and request waiver of service of the summons pursuant to Rule 4(d) of the
9    Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this
10   Order.

11   　　　　(6)  If Defendant agrees to waive service of the Summons and Amended
12   Complaint, Defendant must return the signed waiver forms to the United States Marshal,
13   not the Plaintiff, within 30 days of the date of the notice and request for waiver of service
14   pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of
15   personal service.

16   　　　　(7)  The Marshal must immediately file signed waivers of service of the
17   summons. If a waiver of service of summons is returned as undeliverable or is not returned
18   by a Defendant within 30 days from the date the request for waiver was sent by the Marshal,
19   the Marshal must:

20   　　　　　　(a) personally serve copies of the Summons, Amended Complaint,
21   　　　　　　and this Order upon Defendant pursuant Rule 4(e)(2) of the Federal Rules of
22   　　　　　　Civil Procedure; and

23   　　　　　　(b) within 10 days after personal service is effected, file the return of
24   　　　　　　service for Defendant, along with evidence of the attempt to secure a waiver
25   　　　　　　of service of the summons and of the costs subsequently incurred in effecting
26   　　　　　　service upon Defendant. The costs of service must be enumerated on the
27   　　　　　　return of service form (USM-285) and must include the costs incurred by the
28   　　　　　　Marshal for photocopying additional copies of the Summons, Amended

Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

Dated this 5th day of March, 2025.

_____
Honorable Sharad H. Desai
United States District Judge