**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Cuagliotti, | No. CV-24-02970-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| City of Mesa, | |
| Defendant. | |

Pending before the Court are Plaintiff Carl Cuagliotti's Second Amended Complaint ("SAC"), (Doc. 15), which the Court must screen, (*see* Doc. 8 at 1–2); motion for leave to file a Third Amended Complaint, (Doc. 17); motion for a temporary restraining order ("TRO") against Defendant the City of Mesa ("Mesa"), (Doc. 18); and motion for a TRO against non-party the City of Chandler ("Chandler"), (Doc. 19). For the reasons explained below, the Court permits new Counts Three and Four to proceed past the screening stage; the motion for leave to amend is **denied**; the motion for a TRO against Mesa is **denied**; and the motion for TRO against Chandler is **denied as moot**.

**I.    BACKGROUND**

Cuagliotti "regularly utilizes public parks in Mesa, Arizona, as a place for resting and recuperating after working long hours" and "lives a minimalistic lifestyle that involves responsible use of public spaces" rather than "spending on rent." (Doc. 15 ¶ 33.) He challenges Mesa ordinances that prohibits "camping" in city parks and other public spaces (the "Ordinances"), which Cuagliotti argues "unconstitutionally target[s] individuals who

engage in sleeping or resting in public parks and other public spaces, whether out of necessity or by choice, thereby infringing upon their fundamental rights under the United States Constitution." (*Id.* ¶¶ 1–2.) Mesa, Ariz., Code Ordinances § 6-10-4(V); *see also id.* § 6-10-2 (defining "camping").

On October 29, 2024, Cuagliotti filed this action against Mesa, along with an application to proceed in forma pauperis ("IFP"). (Docs. 1, 2.) On November 13, 2024, Cuagliotti then filed a First Amended Complaint ("FAC"). (Doc. 5.)

On March 6, 2025, the Court issued an Order granting the IFP application and, after screening the FAC, dismissing without prejudice Cuagliotti's claims for "sleep deprivation and torture" and that Mesa's ordinance is "unnecessary and redundant" and overbroad. (Doc. 8 at 4–7.) The Court permitted three counts to proceed: Cuagliotti's substantive due process claim under the Fourteenth Amendment, unlawful seizure claim under the Fourth Amendment, and vagueness challenge. (*Id.* at 3–4, 7.) The Court further gave Plaintiff detailed instructions for how to use the U.S. Marshal to serve the amended complaint. (*Id.* at 7–9).

Rather than proceed to service, on March 25, 2025, Cuagliotti moved for leave to file the SAC to "reflect (1) recent amendments to the City of Mesa's ordinance, which directly impact[ed] the claims in this case, and (2) the Court's prior comments and rulings on the sufficiency of the previously filed complaint." (Doc. 11 at 1.) Although Cuagliotti (who is *pro se*) did not comply with Local Rule of Civil Procedure 15.1,[1] the Court granted the motion. (Doc. 13). The Court ordered that the SAC could not be served, however, until after it was screened. (*Id.* at 1.)

On April 17, 2025, Cuagliotti filed the SAC, which asserted new substantive and procedural due process claims under the Fourteenth Amendment. (*See* Doc. 15 at 13–15.)

On June 18, 2025, Cuagliotti moved to file a Third Amended Complaint ("TAC")

---

[1] Specifically, Local Rule of Civil Procedure 15.1(a) states in relevant part, "A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added."

to add Chandler as a defendant because Chandler's "new Ordinance No. 5122 (effective July 1, 2025) mirrors" that of the Ordinances. (Doc. 17 at 1.)

The same day, Cuagliotti filed separate motions for TROs against Mesa and Chandler. (Docs. 18, 19.)

## II.  LEGAL STANDARD

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, at *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, 2023 WL 2468967, at *2 (S.D. Cal. 2023).

The Court liberally construes the pleadings of *pro se* plaintiffs. *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and construed in a light most favorable to the plaintiff, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In making this determination, the Court does not accept legal conclusions as true, nor does the Court consider "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*; *see*

*also id.* ("Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." (alteration in original) (quotation marks omitted)). That said, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). A "well-pleaded complaint may proceed even if" actual proof of those facts "is improbable[] and . . . a recovery is very remote and unlikely." *Id.* at 556 (quotation marks omitted).

### III.   DISCUSSION

#### A.   Screening the SAC

The Court finds that Counts One, Two, and the part of Five of the SAC that previously survived screening are substantially similar to the allegations in the FAC and therefore need not be rescreened. (*See* Docs. 5, 8, 17.) Although it is difficult to ascertain all changes made to the SAC without a redlined copy, the Court has noted some changes. Specifically, Cuagliotti previously alleged he was presented with a binary choice between shelter services and arrest. (*See id.* at 3–4.) In the SAC, Cuagliotti indicated he has a third option, which is to voluntarily leave Mesa. (Doc. 15 ¶¶ 17–18, 60.) Cuagliotti presumes that being forced to choose between shelter services, arrest, and leaving Mesa rises to the level of a constitutional violation. (*See* Doc. 8 at 3–4.) As cited below, another district court has allowed such a claim (for "constructive banishment" from a city) to proceed, albeit in the context of the Fourteenth Amendment. The Court thus allows these claims to go forward. Accordingly, Mesa will be required to answer or otherwise respond to Counts One (Fourteenth Amendment - substantive due process), Two (Fourth Amendment – Unlawful Seizure) and Five (Vagueness)[2] of the SAC for the reasons stated in the Court's previous Order, (Doc. 8), without prejudice to Mesa arguing that "constructive banishment" is not a substantive due process violation, nor a seizure. *See Coleman v. Maldonado*, 564 F. App'x 893, 894 (9th Cir. 2014) (per curiam) (a district court may

---

[2] The Court notes that in Count Five of the SAC, Cuagliotti reasserts that the statute is overly broad, (Doc. 15 ¶¶ 93–95), even though the Court already dismissed that portion of Count Five, (Doc. 8 at 6). Nothing in the SAC cures the deficiencies in the FAC; therefore, for the reasons stated in the Court's previous Order, any claim that the statute is overly broad is dismissed.

properly grant a motion to dismiss despite a prior screening order finding the complaint stated a claim); *Jones v. Sullivan*, 2020 WL 5792989, at *5 (N.D.N.Y. 2020) ("A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6).")

Turning to the SAC's new causes of action, Cuagliotti arguably exceeded the scope of that for which (1) he sought leave to amend and (2) the Court previously granted leave to amend. The new causes of action, which allege Mesa violated Cuagliotti's right to travel under the Fourteenth Amendment and violated his due process rights through the Ordinances' lack of procedural safeguards, do not appear related to the Ordinances' recent amendments nor the Court's reasoning in its previous Order. (*See* Doc. 11 at 1 (rationale for seeking leave to amend); Doc. 8 at 4–6.) "Courts in this circuit generally hold that when a court grants leave to amend with specified limitations, a plaintiff does not have the freedom to make amendments beyond the scope of that leave." *Johnson v. Navient Corp.*, 2025 WL 1018420, at *5 (C.D. Cal. 2025) (quotation marks omitted). In fact, courts "consistently strike or dismiss parties and claims that exceed the scope of an order granting leave to amend." *Marin v. Marshall*, 2025 WL 1082745, at *5 (S.D. Cal. 2025) (quotation marks omitted).

The Court nevertheless declines to dismiss the new causes of action on this ground alone, considering (1) Cuagliotti's *pro se* status; (2) the Court's Order granting leave to amend did not set express limits on amendments, (Doc. 13 at 1); (3) Mesa suffers no prejudice because it has not yet been served; (4) the "underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities," *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); and (5) the "just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, would be aided in addressing these claims now, rather than in a later motion for leave to amend. *See Johnson*, 2025 WL 1018420, at *5 (noting that, notwithstanding the general rule that plaintiffs cannot exceed the scope of an order granting leave to amend, courts are "loath to strike or dismiss" new claims that exceed the scope of an order granting leave to amend "unless an order clearly

limits the scope of subsequent amendments[] or the opposing party would be unfairly prejudiced" (quotation marks omitted)); *Beavers v. New Penn Fin. LLC*, 2018 WL 385421, at *3 (E.D. Cal. 2018) ("The court may choose not to strike the pleading in the interests of judicial economy, even when a pleading is improperly filed. This is particularly true when it does not appear that any of the parties will be prejudiced by allowing the change." (citation modified)).

In Count Three of the SAC, Cuagliotti alleges enforcement of the Ordinances "results in constructive banishment" and restricts the fundamental right to intrastate travel "without a compelling government interest and in a manner not narrowly tailored to achieve any legitimate goal." (Doc. 15 ¶¶ 67–68, 70.) For the same reasons that the Court found that Count One of the FAC survived screening in its previous Order, (Doc. 8 at 3), the Court determines that Count Three in the SAC states a claim to survive screening. *See Alfred v. City of Vallejo*, 2025 WL 435900, at *8–12 (E.D. Cal. 2025); *Prado v. City of Berkeley*, 2024 WL 3697037, at *28–29 (N.D. Cal. 2024); *see also Aitken v. City of Aberdeen*, 393 F. Supp. 3d 1075, 1084–85 (W.D. Wash. 2019) (stating that the court was "unwilling to hold that Plaintiffs' right to travel claim [was] destined to fail" because ordinances "encompass[ed] all public property and it remain[ed] unclear where [a certain camp's] evictees [would] relocate" and noting that there was "some inherent force to the argument that a City cannot effectively cast out its homeless population").

In Count Four of the SAC, Cuagliotti alleges Mesa "enforces its ordinance by excluding individuals from public spaces, issuing citations, or coercing them into shelters or treatment programs, all without providing notice, a hearing, or any procedural safeguards," thus depriving affected individuals of procedural due process. (Doc. 15 ¶¶ 74–75.) He also alleges "Mesa's enforcement policy fails to provide individuals with a meaningful opportunity to challenge their exclusion, citations, or forced program enrollment." (*Id.* ¶ 77.) "To show a procedural due process violation," a plaintiff must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *United States v. 101 Houseco, LLC*, 22 F.4th

843, 851 (9th Cir. 2022) (citation omitted). Cuagliotti's asserted rights under the substantive due process clause satisfy the first element, as discussed above and in the Court's previous Order. (*See* Doc. 8 at 3.) As for the second element, although Cuagliotti's allegations suggest he is able to challenge a citation he received for violating the Ordinances in court, (Doc. 15 ¶ 49), he sufficiently states a claim that he has been expelled from public parks and threatened with expulsion for noncompliance without adequate process, (*id.* ¶¶ 38, 42, 49). *See Al Haramain Islamic Found., Inc. v. U.S. Dep't of Treasury*, 686 F.3d 965, 985 (9th Cir. 2012) ("Due process requires notice reasonably calculated, under all the circumstances, to . . . afford [individuals] an opportunity to present their objections." (citation omitted)). The Court cannot conclude what process was due, if any, at this stage and leaves that to later litigation. *See Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 983–84 (9th Cir. 1998) (discussing the *Mathews* balancing test applicable to procedural due process claims and noting that, although the "Supreme Court has held that an individual should normally be given notice and an opportunity to be heard *before* he is deprived of his property, that rule is assuredly not hard and fast" (citation omitted)); *cf. Sanders v. Grimes*, 2020 WL 3571759, at *5 (E.D. Cal. 2020) (declining to engage in balancing test of prison regulations at the screening stage, noting that the plaintiff "must only show that his claim is plausible on its face").

The Court thus allows Counts Three and Four of the SAC to proceed past this preliminary screening, along with those the Court already allowed to proceed, (*see* Doc. 8 at 7). Again, the Court allows these claims to proceed without prejudice to Mesa making any motions it deems appropriate. *Coleman*, 564 F. App'x at 894; *Jones*, 2020 WL 5792989, at *5.

### B.     Motion for Temporary Restraining Order (Mesa)

As stated above, while awaiting screening of the SAC, Cuagliotti moved for a TRO to enjoin enforcement of the Ordinances against him. (Doc. 18.) Cuagliotti requests an immediate TRO and a briefing schedule for a preliminary injunction. (*Id.*) Nothing in Cuagliotti's filing indicates that notice has been given to Mesa, (*see id.*), and Mesa has

never appeared in this case.

A TRO cannot issue without notice to the defendant unless: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; <u>and</u> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added). Cuagliotti has failed to make either showing. For this reason, the Court cannot grant a TRO without notice.

Moreover, the delay in giving notice to Mesa is by Cuagliotti's own choosing. Specifically, this Court screened the FAC and permitted service by the U.S. Marshal on March 6, 2025. (Doc. 8.) Thus, the fact that Mesa has not yet been served is because Cuagliotti did not go forward with service. *See Oakland Trib., Inc. v. Chron. Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."). Here, this case has been pending since 2024, but Cuagliotti did not seek injunctive relief until April 2025. Further, as indicated above, Cuagliotti was permitted to proceed with service on March 6, 2025, and chose not to go forward with the FAC—which is substantially similar to the SAC—for his own reasons. Thus, the Court finds no basis to entertain a TRO seeking to enjoin the Ordinances without giving Mesa notice and an opportunity to be heard. As a result, the Court will deny the TRO without prejudice to refiling once Mesa has received proper notice.

### C. Chandler

As recounted above, while awaiting screening of the SAC, Cuagliotti moved for leave to file a TAC. Cuagliotti's motion again fails to comply with Local Rule of Civil Procedure 15.1 in that the motion fails to include a redlined copy of the proposed amended complaint. Cuagliotti claims that the purpose of the TAC would be to add Chandler as an additional defendant. (Doc. 17 at 1.) Cuagliotti further asserts that Chandler has an ordinance that "mirrors" the Ordinances. (Doc. 17 at 1.) (The Court is unclear if "mirrors"

means it is identical, or that it is substantially similar.)

On this record, the Court will deny leave to amend to add Chandler as a defendant. First, Rule 20(a)(2) permits the joinder of additional defendants when: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Here, neither prong is met. There is no transaction or occurrence that invokes both ordinances and the cities will not have joint liability, if any. Further, at issue are distinct ordinances enacted by two separate governmental entities; thus, there is no common question of fact or law because each ordinance will require its own analysis.

Thus, due to (1) Cuagliotti's failure to comply with Local Rule of Civil Procedure 15.1, and (2) the lack of a common transaction or occurrence necessary to join a new defendant, Cuagliotti's motion for leave to file a TAC is denied. Additionally, Cuagliotti is cautioned that any future motion to amend must comply with Local Rule of Civil Procedure 15.1 in its entirety.

Cuagliotti also filed a motion for a TRO against Chandler. (Doc. 19.) Because the Court will not permit amendment to add Chandler as a defendant, this motion is moot and therefore is denied.

Accordingly,

**IT IS ORDERED** that service by waiver or service of the summons and SAC (Doc. 15) shall be at government expense on the defendant by the U.S. Marshal or his authorized representative.[3]

The Court directs the following:

(1) The Clerk of Court must send Cuagliotti a service packet including the SAC (Doc. 15), this Order and the Court's previous screening Order (Doc. 8), USM-285, and both summons and request for waiver forms for Defendant City of Mesa.

---

[3] *See* 28 U.S.C. § 1915(d).

- 9 -

(2) Cuagliotti must complete and return the service packet to the Clerk of Court within 30 days of the date of filing of this Order. The U.S. Marshal will not provide service of process if Cuagliotti fails to comply with this Order. If Cuagliotti does not timely return the service packet, this action may be dismissed.

(3) If Cuagliotti does not either obtain a waiver of service of the Summons or complete service of the Summons and SAC on the defendant within 90 days of this Order, the action may be dismissed. Fed. R. Civ. P. 4(m).

(4) The U.S. Marshal must retain the Summons, a copy of the SAC, and a copy of this Order and the Court's previous screening Order (Doc. 8) for future use.

(5) The U.S. Marshal must notify the defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to the defendant must include a copy of this Order and the Court's previous screening Order (Doc. 8).

(6) If the defendant agrees to waive service of the Summons and SAC, the defendant must return the signed waiver forms to the U.S. Marshal, not Cuagliotti, within 30 days of the date of the notice and request for waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(7) The U.S. Marshal must immediately file signed waivers of service of the Summons. If a waiver of service of Summons is returned as undeliverable or is not returned by the defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a)  personally serve copies of the Summons, SAC, this Order, and the Court's previous screening Order (Doc. 8) upon the defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)  within 10 days after personal service is effected, file the return of service for the defendant, along with evidence of the attempt to secure a waiver of service of the Summons and of the costs subsequently incurred in effecting service upon the defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, SAC, this Order, or the Court's previous screening Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

  **IT IS FURTHER ORDERED** that Cuagliotti's motion for leave to file a TAC (Doc. 17) is **denied**.

  **IT IS FURTHER ORDERED** that the motion for TRO against Mesa (Doc. 18) is **denied** without prejudice.

  **IT IS FINALLY ORDERED** that the motion for TRO against Chandler (Doc. 19) is **denied** as moot.

  Dated this 11th day of July, 2025.

_____
Honorable Sharad H. Desai
United States District Judge